**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

JARVIN ANTONIO BARRIOS CHAN,

Petitioner,

v.

ACTING WARDEN ADELANTO ICE PROCESSING CENTER, *et al*.,

Respondents.

Case No. 5:26-cv-04820-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On August 24, 2026, Petitioner Jarvin Antonio Barrios Chan ("Petitioner") filed a Petition for Writ of Habeas Corpus under 8 U.S.C. § 2241 ("Petition"), seeking immediate release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. (Dkt. 1.) The Court has considered the Petition, Respondents' Answer, and Petitioner's Reply. For the reasons below, the Court grants the Petition and orders Respondents to immediately release Petitioner Jarvin Antonio Barrios Chan (A#221462853) from custody.

## II. FACTUAL AND LEGAL BACKGROUND

Petitioner is national and citizen of Guatemala, who entered the United States in 2021 without inspection. (Dkt. 1 at 2.) Petitioner maintained residence in Lake

Elsinore, California, since his entry. (*Id*. at 3.) He has no criminal history. (*Id*.)

On August 10, 2026, Petitioner was detained by United States Immigration and Customs Enforcement ("ICE") while parked in a car waiting for his coworkers to give him and a companion a ride to work. (Dkt. 1 at 2-3.) When Petitioner asked ICE why ICE was detaining him, ICE stated they were looking for someone else but then asked Petitioner and his companion for documents showing their legal status. (*Id*. at 3.) ICE took Petitioner into custody and transported him to the Adelanto ICE Processing Center. (*Id*.)

On August 24, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner brings two claims for relief. (*Id*. at 12-13.) Count One is Violation of Fourth Amendment and 8 C.F.R. § 287.8(b)(2), Lack of Reasonable Suspicion for Detention. (*Id*. at 12.) Count Two is Statutory Violations – 8 U.S.C. §§ 1357(a) and 1226(a), Unlawful Arrest Without a Warrant. (*Id*. at 13.) For relief, Petitioner requests, among other things, his immediate release and for Respondents to be enjoined from re-detaining him absent notice and a constitutionally adequate hearing before a neutral adjudicator. (*Id*. at 14.)

On August 31, 2026, Respondents filed Federal Respondents' Answer to Habeas Petition. (Dkt. 9.) Respondents argue Petitioner is entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), but is not entitled to release. (*Id*. at 2.) Respondents also argue Petitioner is properly detained pending proceedings required by *Bostock*, and Petitioner has "not yet properly exhausted their available administrative remedies". (*Id*.)

On September 1, 2026, Petitioner filed Traverse in Support of Petition for Writ of Habeas Corpus ("Traverse"). (Dkt. 10.) In the Traverse, Petitioner reiterates Petitioner's claims in the Petition.

## III. ANALYSIS

### A. A. Habeas Jurisdiction

A writ of habeas corpus may be granted to any petitioner who demonstrates "he is in custody in violation of the Constitution or laws or treaties of the United States[.]"

28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). A petitioner bears the burden of proving by the preponderance of the evidence that he is entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

**B. Exhaustion**

As an initial matter, the Court finds exhaustion of administrative remedies is not warranted. "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). However, a court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted).

Here, administrative remedies would be "inadequate and futile," as a post deprivation bond hearing "would not address the propriety of Petitioner's claim that [he] was not afforded constitutionally adequate procedural safeguards prior to the deprivation of h[is] liberty interest." *R.N.G. v. Semaia*, No. EDCV 26-2839-DSR, 2026 WL 2089544, at *3 (C.D. Cal. July 14, 2026). Additionally, Petitioner would "suffer significant irreparable harm" in the form of continued detention "if forced to wait for an

administrative appeal to be decided." *Villa v. Mullin*, No. EDCV 26-01690-JDE, 2026 WL 1583941, at *4 (C.D. Cal. June 2, 2026). Accordingly, the Court exercises its discretion to waive the prudential exhaustion requirement for Petitioner.

**C. Petitioner's Arrest Without a Warrant Claim**

Petitioner alleges that Respondents arrested Petitioner without a warrant and without demonstrating that they had probable cause to believe he posed a risk of flight, in violation of 8 U.S.C. §§ 1357(a)(2) and 1226(a). (Dkt. 1 at 13.) The Court agrees.[1]

Ordinarily, immigration officials must first obtain an administrative warrant before effectuating the civil arrest of a noncitizen. *See Arizona v. U.S.*, 567 U.S. 387, 408 (2012) ("If no federal warrant has been issued, those officers have more limited authority.") *Id*. Pursuant to 8 U.S.C. § 1226(a), the arrest of a noncitizen must be made "[o]n a warrant issued by the Attorney General." *Id*. "Under the [Immigration and Nationality Act], an officer may conduct a warrantless immigration arrest only if the officer "'has reason to believe that [1] the alien so arrested is in the United States in violation of any . . . law or regulation and [2] is likely to escape before a warrant can be obtained for his arrest.'" *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30 (D.D.C. 2025) (quoting 8 U.S.C. § 1357(a)(2)). Pursuant to 8 C.F.R. § 287.8(c)(2)(i)-(ii), "an arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States," and "that the person is likely to escape before a warrant can be obtained." Although 8 U.S.C. § 1357(a)(2) uses the phrase "reason to believe," this has been construed to be "the equivalent of probable cause", since "aliens in this country are sheltered by the Fourth Amendment in common with citizens[.]" *Au Yi Lau v. U.S. Immigr. & Naturalization Serv.*, 445 F.2d 217, 222-23 (D.C. Cir. 1971); *see also Tejeda-Mata v. Immigr. & Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980) ("The phrase 'has reason to

---

[1] Because the Court finds Petitioner is entitled to relief based on this claim, the Court declines to consider Petitioner's other claims.

believe' [in § 1357] has been equated with the constitutional requirement of probable cause."). "Put simply, immigration enforcement officers may conduct a warrantless civil immigration arrest only if they have probable cause to believe that a person is both in the United States unlawfully *and* an escape risk." *Escobar Molina*, 811 F. Supp. 3d at 30 (italics in original).

Here, Respondents have failed to respond to Petitioner's allegations that he was arrested without a warrant. (Dkt. 9 at 2.) Respondents offered no facts supporting Petitioner's warrantless arrest, *i.e.*, that, at the time of his arrest, Respondents had probable cause to believe that Petitioner posed a risk of flight. (Dkt. 9 at 2.) Thus, the Court construes Respondents' failure to address Petitioner's claim as their consent to the validity of the facts and arguments in support thereof pursuant to Central District of California Local Civil Rule 7-12.5. *See also Singh v. Chiang*, Case No. 5:25-cv-3024-FMO-SP, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing the government's failure to oppose argument raised by habeas petitioner as a concession); *Soleimani v. Larose*, Case No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where the government's answer to the petition did not respond to all claims in the petition).

Given these undisputed facts, the Court finds no basis for finding there was probable cause that Petitioner posed a risk of escape. *See Escobar Molina*, 811 F. Supp. 3d at 31 ("Courts have also made the self-evidence findings that the likelihood of escape is lower when the individual has resided in the country for a lengthy period of time and has strong community ties."); *United States v. Bautista-Ramos*, Case No. 18-CR-4066-LTS, 2018 WL 5726236, at *7 (N.D. Iowa Oct. 15, 2018) (finding no flight risk where ICE encountered the defendant at his place of employment, "a place he routinely visited," and information about the defendant, including long-term residence, employment, and United States citizen wife and daughters, supported his having strong ties to the community).

///

Thus, the Court finds that Respondents violated 8 U.S.C. §§ 1357(a)(2) and 1226(a), when they arrested Petitioner without a valid warrant and without probable cause to believe that he posed a risk of escape.

Given such violations, the Court concludes that "Petitioner's release is necessary to return him to the status quo." *Nazarian v. Noem*, Case No. 5:25-cv-KK-DSR, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted). "Accordingly, Petitioner's release from custody is the appropriate remedy." *Nazarian*, 2025 WL 3236209, at *7; *see Esmail v. Noem*, Case No. 2:25-cv-8325-WLH-RAO, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

Thus, Petitioner is entitled to habeas relief for his due process claim.

## IV. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Jarvin Antonio Barrios Chan (A#221462853) immediately under the same conditions as Petitioner was on prior to Petitioner's detention;

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

///

///

///

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: September 25, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge